UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE HOWARD,

      Petitioner,

v.                                         Case No.:       8:10-cv-829-T-24-EAJ
                                                                                             8:07-cr-80-T-24-EAJ

UNITED STATES OF AMERICA,

      Respondent.

_____/

**ORDER**

This cause comes before the Court on Petitioner Lawrence L. Howard's ("Petitioner") motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. 1; CR Doc. 89). The Court directed the Government to respond (CV Doc. 2), which it did on July 7, 2010. (CV Doc. 10). Petitioner filed a reply. (CV Doc. 13).

**I.**    **Background**

On March 13, 2007, a federal grand jury indicted Petitioner for attempting to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A)(ii) (Count I). (CR Doc. 1). Following a two-day trial on August 13–14, 2007, a jury found Petitioner guilty of Count One of the Indictment. (CR Doc. 66). Pursuant to 21 U.S.C. § 841(b)(1)(A) and the 21 U.S.C. § 851 enhancement filed by the Government, the Court sentenced Petitioner to a mandatory minimum sentence of 240 months (twenty years) followed by 120 months (ten years) of supervised release. (CR Docs. 70–71). Petitioner appealed his conviction to the Eleventh

Circuit, which affirmed his conviction on January 9, 2009. (CV Doc. 10-3; *United States v. Howard*, 307 F. App'x 309 (11th Cir. 2009)). Petitioner filed the instant motion on April 8, 2010. (CV Doc. 1; CR Doc. 89).

II.     **Discussion**

    A.     **Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the limitations period for section 2255 motions:

> [The AEDPA] established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. United States*, 304 F.3d 1035, 1037–38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)–(4)).

Petitioner appealed his conviction, and the Eleventh Circuit affirmed his conviction in its unpublished opinion issued on January 9, 2009. His conviction became final on April 9, 2009, when the time for seeking certiorari review expired. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (holding that "when a prisoner does *not* petition for certiorari, his conviction does not become 'final' for purposes of § 2255[f](1) until the expiration of the 90-day

period for seeking certiorari" (emphasis in original)). Petitioner filed the instant motion on April 8, 2010. Thus, the Court finds, as the Government concedes, that Petitioner's motion is timely because it was filed within one year from the date in which Petitioner's judgment of conviction became final.

      B.      **Section 2255 Motion**

Petitioner asserts seven grounds in support of his contention that he is entitled to relief under section 2255, all of which are ineffective assistance of counsel claims.[1] Because Petitioner's claims are without merit, the motion is denied. The Court will address in turn, each ground asserted in Petitioner's motion.

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he or she failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687–89. The prejudice prong requires a movant to demonstrate that the seriously deficient performance of his or her counsel prejudiced the defense. *Id.* at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his or her attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply

---

[1] The Court notes that the same attorney represented Petitioner during his trial and appeal, and thus does not distinguish between trial and appellate counsel within this Order.

reasonableness under prevailing professional norms." *Id.* In other words, criminal defendants have a Sixth Amendment right to legal assistance that is "reasonably effective." *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992); *see Strickland*, 466 U.S. at 690.

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

   1. <u>Ground I</u>

Petitioner alleges that trial counsel was ineffective because counsel failed to investigate the price of a kilogram of cocaine. Petitioner argues that the $99,096 in cash he was carrying at the time of his arrest was not enough money to purchase five kilograms of cocaine because the price of five kilograms of cocaine exceeds that amount. He cites two sources unrelated to this matter in an attempt to prove the value of a kilogram of cocaine: (1) a case involving an arrest in Sarasota, Florida referencing a sale of cocaine at $23,500 per kilogram, *United States v. Sawyer*, 361 F. App'x 96, 97 (11th Cir. 2010), and (2) a website news article purporting to interview a DEA information officer who noted the value per kilogram of cocaine to be between $24,000 to

$27,000. (CV Doc. 6, at 19). Petitioner attempts to corroborate these external sources by applying facts regarding witness Dwayne Floyd's involvement in the instant case—specifically, that Floyd was to use $28,000 to purchase 1.5 kilograms of cocaine and receive another 0.5 kilogram on consignment.

By attempting to corroborate the "price" of cocaine with the facts in this case, Petitioner discredits his own argument. Petitioner alleges that Floyd was to receive the 0.5 kilogram on consignment because $28,000 was not enough money to purchase 2 kilograms. Petitioner's argument, therefore, is that $28,000 was sufficient to purchase 1.5 kilograms of cocaine, which demonstrates that the seller in this case was willing to sell kilograms of cocaine for $18,667 each ($28,000 / 1.5 kilograms = $18,666.67). Multiplying that result by five, the number of kilograms in which the Petitioner was convicted of conspiracy to distribute, yields a total amount of $93,333 ($18,666.67 * 5 kilograms = $93,333.33). Given that Petitioner was arrested possessing $99,096 in cash, by his own argument, Petitioner has proven that he possessed enough money to purchase at least five kilograms of cocaine.

The record does not indicate that counsel performed such calculations, but counsel was not required to do so in order to defend Petitioner adequately. "Counsel's decision not to conduct an investigation need only be reasonable." *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000) (citing *Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty . . . to make a reasonable decision that makes particular investigations unnecessary.")). The Eleventh Circuit has refused to conclude that tactics "can be considered reasonable only if they are preceded by a 'thorough investigation.'" *Williamson*, 221 F.3d at 1180 (quoting *Williams v. Head*, 185 F.3d 1223, 1236–37 (11th Cir. 1999)). "The reasonableness of a counsel's performance is an

objective inquiry." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc); *see also Darden v. Wainwright*, 477 U.S. 168, 187 (1986) (noting that counsel's performance did not fall below "an objective standard of reasonableness").  The inquiry focuses on whether a reasonable attorney could have acted in the same manner as counsel did act at the trial. *Chandler*, 218 F.3d at 1315; *see also Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." (quoting *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992))).

It this instance, it was reasonable for counsel not to investigate the price of a kilogram of cocaine in defending Petitioner.  Unlike automobiles or other items for which legal transactions may occur, there is no official source outlining the price of a kilogram of cocaine.  In fact, Petitioner's two cited sources present a range disparity of nearly $4,000 in the purported value of a kilogram of cocaine.  The jury heard testimony that Petitioner was to purchase five kilograms of cocaine and found that and other testimony at trial credible enough to find Petitioner guilty.  A reasonable lawyer at the trial could have acted as Petitioner's counsel did by choosing not to argue about the price of the cocaine.  Petitioner's claim for ineffective assistance of counsel on this ground must fail.

    2.    <u>Ground II</u>

Petitioner alleges that trial counsel was ineffective because counsel failed to call Petitioner to testify on his own behalf.  This claim is factually inaccurate, and therefore must fail.

At trial, the Court asked Petitioner whether he would like to testify on his own behalf.

The dialogue occurred as follows:

>MR. HERNANDEZ: And Mr. Howard is not planning to testify, as well, so there will be no witnesses.
>
>THE COURT: Okay. Would you have any objections to my inquiring of Mr. Howard about his decision not to testify?
>
>MR. HERNANDEZ: No, ma'am.
>
>THE COURT: All right. Mr. Howard, your attorney, Mr. Hernandez, has indicated -- stated that you do not wish to testify.
>
>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: … Is that accurate?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Okay. You understand that you have the right to take the witness stand and -- and testify, tell your side of the story, if that's what you wish to do? You understand you have that option?
>
>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: Okay. And it's your decision not to do that?
>
>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: Okay. And you've discussed that with your attorney?
>
>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: Okay, thank you.

(CR Doc. 80, at 14–15).

Because Petitioner was given the option to testify at trial and chose not to, Petitioner cannot now claim that counsel was ineffective for failing to give Petitioner that option. Therefore, Petitioner's claim for ineffective assistance of counsel on this ground must fail.

3. Ground III

Petitioner alleges that trial counsel was ineffective because counsel failed to pursue or attempt to negotiate a plea agreement. By affidavit, Petitioner's counsel attests that he made a concerted effort to negotiate a plea, but the Assistant United State Attorney ("AUSA") rejected it. (CV Doc. 10-5, at 2-3 ). Counsel attests that the AUSA would not remove the twenty-year minimum mandatory sentence. *Id.* While it is unclear whether a plea agreement was offered as of June 22, 2007, the AUSA's statements during a bond hearing on that date offer support that she was unwilling to negotiate a plea agreement that excluded the twenty-year minimum mandatory sentence. *See* (CR Doc. 91, at 15) (responding that if a plea agreement were made, it would have included the twenty-year minimum mandatory sentence). Based on these facts, Petitioner has not demonstrated that counsel's performance was below the standard of reasonableness.

But even if counsel did not pursue or attempt to negotiate a plea agreement, Petitioner must prove more. Under the second prong of the *Strickland* test, Petitioner must prove that counsel's deficient performance prejudiced his defense. Petitioner has alleged conclusory statements that do not satisfy this prong.

At the start of the trial, the Court asked Petitioner whether he wanted to proceed to trial instead of pleading guilty. The transcript is as follows:

>THE COURT: Okay. It is my understanding that we're going to trial this morning, so let me just verify that that is your choice. Is it your choice to go to trial, as -- as opposed to pleading guilty to this charge?
>
>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: Okay. And you've discussed that with Mr. Hernandez?
>
>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: Okay. And I -- I ask that only because occasionally if there is a conviction, that sometimes defendants get remorse and sa[y] they would really have preferred to plead guilty. So, I just want to make sure before we start that it is your desire to proceed to trial.
>
>THE DEFENDANT: Yes, ma'am.

(CR Doc. 79, at 5–6).

The Court sought and received confirmation that Petitioner wanted a trial and did not want to plead guilty. Petitioner chose to go to trial and stated under oath that he made this decision after discussing his choice with counsel. Petitioner has not demonstrated that he would have received a different outcome had he pled guilty. As discussed above, the record notes that the AUSA was unwilling to entertain a plea agreement that removed the twenty-year mandatory minimum sentence. Thus, Petitioner has met neither prong of the *Strickland* test and cannot prove that counsel was ineffective under this claim. Petitioner's claim for ineffective assistance of counsel on this ground must fail.

    4.  <u>Ground IV</u>

  Petitioner alleges that trial counsel was ineffective because counsel failed to argue that a prior conviction in which Petitioner pled guilty and the state court withheld adjudication does not qualify for a section 851 sentence enhancement. The charge at issue was a possession of cocaine offense in Pinellas County, Florida, to which Petitioner pled guilty on or about March 1, 2002. Petitioner's argument is factually inaccurate and without legal merit.

  During the sentencing hearing, counsel objected to the use of the subject charge to support the sentence enhancement. In *United States v. Mejias*, 47 F.3d 401 (11th Cir. 1995), the Eleventh Circuit held that a plea of nolo contendere on a prior offense, followed by a withholding of adjudication, was a conviction that supported a sentencing enhancement under 21 U.S.C. § 841. *Id.* at 404. The record shows that counsel was aware of the Eleventh Circuit's opinion in *Mejias* and noted that case in his objection. (CR Doc. 81, at 7–10). Furthermore, counsel argued against *Mejias* during the appeal of this case. (CV Doc. 10-1, at 6). In affirming Petitioner's conviction in the instant case, the Eleventh Circuit held that his conviction qualified as a prior conviction for sentencing enhancement purposes under 21 U.S.C. § 841. (CV Doc. 10-3, at 7; *Howard*, 307 F. App'x at 313). Because counsel objected to the use of the charge to enhance Petitioner's sentence, and because the law in the Eleventh Circuit supports section 841 sentence enhancements for state charges in which adjudication is withheld, Petitioner's claim on this ground must fail.

    5.  <u>Ground V</u>

  Petitioner alleges that appellate counsel was ineffective for failing to file a reply to the Government's Eleventh Circuit brief. Petitioner identifies no specific rebuttal that counsel

should have made in a reply brief.  Instead, Petitioner argues that counsel's inaction with regard to filing a reply brief "is legally presumed to result in prejudice." (CV Doc. 13, at 11).  In support of this argument, Petitioner cites a Second Circuit case, *Hernandez v. United States*, 202 F.3d 486 (2d Cir. 2000), which discussed presumed prejudice when counsel retained to pursue an appeal failed to timely file a notice of appeal. *Id.* at 488–89.

Petitioner's appeal was timely filed and counsel raised a number of issues on appeal, including whether the trial court erred by (1) enhancing Petitioner's sentence pursuant to 21 U.S.C. § 841, (2) allowing witness Floyd to testify about his prior drug dealings with Petitioner, (3) denying Petitioner's motion for judgment of acquittal, and (4) not decreasing Petitioner's offense level by three levels pursuant to U.S.S.G. § 2X1.1.

Petitioner failed to identify what rebuttal would have been appropriate on direct appeal.  Other than his conclusory statements, Petitioner has not shown deficient performance on the part of his counsel or that he was prejudiced by counsel's performance in this regard.  Therefore, this ground for ineffective assistance of counsel must fail.

      6.      <u>Ground VI</u>

Petitioner alleges that trial counsel was ineffective because counsel did not challenge the sufficiency of the evidence.  A review of the record shows that Petitioner's counsel moved for a judgment of acquittal at the conclusion of the Government's case at trial, thereby challenging the sufficiency of the evidence. (CR Doc. 80, at 12–13).  In *United States v. Salman*, 378 F.3d 1266 (11th Cir. 2004), the Eleventh Circuit held that counsel challenged the sufficiency of the evidence by moving for a judgment of acquittal. *Id.* at 1268.

In addition, counsel argued on appeal that this Court erred by not granting Petitioner's motion for judgment of acquittal. (CV Doc. 10-1, at 7–8). The Eleventh Circuit rejected this argument and affirmed Petitioner's conviction and sentence. (CV Doc. 10-3, at 7; *Howard*, 307 F. App'x at 313).

Because Petitioner's counsel challenged the sufficiency of the evidence during trial and on appeal, Petitioner cannot now claim that counsel failed to challenge the sufficiency of the evidence. Therefore, Petitioner's claim on this ground must fail.

### 7. Ground VII

Petitioner alleges that counsel was ineffective for failing to point out that witness Floyd allegedly lied under oath. Petitioner disputes the accuracy of a transcript of an audio recording provided to the jury while the audio was played for the jury to hear—specifically, whether the words "probably the same lick" were audible in the recording. In essence, Petitioner is raising a factual dispute that the jury was charged with resolving.

Prior to the distribution of the transcript and subsequent playing of the audio recording, the Court instructed the jury on the significance of the transcript and how to properly construe any discrepancies the jury might have heard. The Court instructed the jury as follows:

> THE COURT: Okay.
>
> Then you're going to be hearing a -- an audiotape and you're going to be seeing a transcript, and I would just like to give you an instruction regarding the transcript.
>
> The transcript obviously is a -- has been prepared, and it's to aid you in following along with the recording. But if at any time that you think you

hear something differently than what's on the transcript, I encourage you to rely

on what you hear, your own recollection.

Because the transcript is just to aid you in hearing and following

along on the tape. And you may hear more than one of these, and you may see

more than one transcript, and each time the transcript's been prepared for your

benefit to aid you in following along.

But if at any time you think you hear something differently, I

encourage [you to] rely on -- on what you hear.

(CR Doc. 79, at 121).

It was the jury's responsibility in this case to weigh the credibility of the witnesses. *See United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) ("It is well established that '[c]redibility determinations are the exclusive province of the jury.'" (quoting *United States v. Parrado*, 911 F.2d 1567, 1571 (11th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991))). For testimony to be considered incredible as a matter of law, it must be "'unbelievable on its face.'" *Id.* (quoting *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985)).

The record shows that counsel conducted cross-examination, (CR Doc. 79, at 137–48), and recross-examination, (CR Doc. 79, at 149–50), of witness Floyd in an effort to undermine his credibility. Additionally, the jury received more evidence in the case than the few words Petitioner now seeks to dispute. The jury received the above instructions from the Court, heard all the evidence in the case, and found Petitioner guilty beyond a reasonable doubt. Petitioner has not shown that counsel's performance was ineffective. Nor has he shown, beyond his conclusory statements, that but for counsel's allegedly deficient performance, there was a

reasonable probability that the jury would have come to a different conclusion. Therefore, Petitioner's claim on this ground must fail.

**III.    Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's section 2255 motion is **DENIED.** The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of March, 2011.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of March, 2011.

Copies to:
Counsel of Record
Pro Se Petitioner

SUSAN C. BUCKLEW
United States District Judge